UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA SULLIVAN,<br><br>Plaintiff,<br><br>v.<br><br>STORER TRANSIT SYSTEMS, et al.,<br><br>Defendants. | Case No. 20-cv-00143-JCS<br><br>**ORDER REGARDING MOTION TO DISMISS AND STRIKE**<br><br>Re: Dkt. No. 9 |

## I. INTRODUCTION

Plaintiff Fatima Sullivan brings this action against Defendant Storer Transit Systems ("Storer") asserting disability discrimination in violation of the Americans with Disabilities Act ("ADA") and related claims under California law. Storer moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6), and moves to strike portions of Sullivan's complaint under Rule 12(f). The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for April 3, 2020. For the reasons discussed below, Storer's motion is DENIED with respect to Rule 12(b)(1) and Rule 12(f) but GRANTED with respect to Rule 12(b)(6), and Sullivan's complaint is DISMISSED with leave to amend. Sullivan may file an amended complaint no later than April 21, 2020. An initial case management conference will occur at 2:00 PM on June 5, 2020 in Courtroom F of the San Francisco federal courthouse at 450 Golden Gate Avenue. The parties shall file a joint case management statement no later than May 29, 2020.[1]

---

[1] The parties have consented to the undersigned magistrate judge presiding over the case for all purposes pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Allegations of the Complaint

Sullivan, a resident of San Francisco, is a regular patron of the Graton Resort & Casino ("Graton") in Sonoma County, where she enjoys "platinum card" privileges. Compl. (dkt. 1) ¶¶ 7, 10. Sullivan asserts that she "is disabled" but does not explain the nature of her disability. *Id.* ¶ 12. Although she separately alleges that she has been diagnosed with post-traumatic stress disorder ("PTSD"), that she was "recovering from left knee surgery," and that "her right hand . . . has limitations," her complaint neither addresses the effects of any of those conditions on Sullivan's abilities nor identifies which of them form the basis for her claims. *See id.* ¶ 16.

Storer operates shuttle bus transportation from San Francisco to Graton, among other bus routes. *Id.* ¶ 8. Sullivan boarded a Storer bus around 7:15 PM on October 20, 2018 and traveled from San Francisco to Graton without incident, riding in the front of the bus in the "priority seating" area. *Id.* ¶¶ 10–11. When Sullivan attempted shortly before midnight to return to San Francisco on a Storer bus and sat in the same area, however, the bus driver shouted at her that she could not sit there because it was reserved for people with disabilities. *Id.* ¶ 12. Sullivan identified herself as disabled and attempted to show the driver documentation that she had in her purse, but the driver said that Sullivan did not "have a walker or a cane" and called a Graton security guard. *Id.* ¶¶ 12–13. Another passenger also shouted at Sullivan to go to the back of the bus. *Id.* ¶ 12.

When the security guard arrived, the driver told the guard that Sullivan threatened other passengers and the driver feared for his life. *Id.* ¶ 13. Sullivan denied threatening passengers "and said that the driver was not being truthful," but the guard told Sullivan to leave the bus, that "we'll do it just like they did at Starbucks,"[2] and that he would call law enforcement if Sullivan refused. *Id.* When a supervisor from Graton arrived, the supervisor believed the bus driver's version of events and told Sullivan that she was trespassing and would be banned from the casino. *Id.* ¶ 14. Sullivan eventually left the bus and had to wait until 3:00 AM for another bus to take her home to

---

[2] The reference to Starbucks is not explained in the complaint or briefing.

San Francisco. *Id.* ¶¶ 14, 17. Another passenger, who was not disabled, was allowed to sit in the priority seating area of the bus that Sullivan was forced to vacate. *Id.* ¶ 15.

Sullivan's complaint explains her potential disabilities as follows, although it does not make clear which disability or disabilities form the basis for her claims:

> The above acts caused Plaintiff to experience symptoms consistent with stressful reactions to a traumatic event. She was diagnosed by a Dr. Laurence Miller, Ph.D., of [sic] Post Traumatic Stress Disorder ("PTSD"). The PTSD was exacerbated by the racial nature[3] of the assault which complicated her reaction. Plaintiff felt threatened by the Storer Bus driver and passenger. The Storer Bus driver, and the Graton security guard and supervisor, made Plaintiff feel symptoms of a panic attack, something she had experienced years prior in reaction to a passenger at a San Francisco Municipal Transport Authority bus that she was driving (she is an 18-year veteran of the SFMTA or San Francisco Muni). As the pressure by both the Storer Bus driver and Graton personnel grew, so did her panic. Plaintiff felt humiliated. Once her panic began to abate, she filmed the driver and the female passenger with her smart phone. She was also recovering from left knee surgery, and her right hand that has limitations.

*Id.* ¶ 16.

The complaint asserts three claims: (1) discrimination based on disability by "failing to provide full and equal enjoyment of . . . goods, services, facilities, privileges, advantages, or accommodations"—specifically, the Storer bus—in violation of the ADA, *id.* ¶¶ 19–22; disability discrimination based on the same conduct in violation of sections 54 and 54.1 of the California Civil Code, *id.* ¶¶ 23–29; and negligent infliction of emotional distress, *id.* ¶¶ 30–34.

### B. Parties' Arguments

Storer argues that Sullivan's complaint should be dismissed for failure to allege a disability within the meaning of the ADA, which encompasses impairments that substantially limit major life activities. Mot. (dkt. 9) at 8. Storer also contends that Sullivan has not alleged intentional discrimination, *id.* at 9, and argues that she lacks Article III standing because, in Storer's view, her alleged injuries are not traceable to any violation of the ADA, *id.* at 9–11. Storer further argues that Sullivan has not shown a likelihood of future injury, as is necessary for a claim under the ADA. *Id.* at 11. Storer also briefly contends that the Court should decline to exercise jurisdiction

---

[3] Sullivan's complaint does not identify her race or assert a claim for discrimination based on race.

over Sullivan's state law claims if the ADA claim is dismissed, *id.*, strike Sullivan's request for monetary damages under the ADA, which provides for only injunctive relief, *id.* at 12, and "strike references to DOE defendants that are improper in federal court," *id.* at 2.

Sullivan argues that her complaint is sufficient based on the Supreme Court's 1957 decision in *Conley v. Gibson*, 355 U.S. 41 (1957), which held that a complaint should not be dismissed under Rule 12(b)(6) "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief,'" although Sullivan also briefly acknowledges the current standard for motions under Rule 12(b)(6) described in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Opp'n (dkt. 16) at 4 (quoting *Conley*, 355 U.S. at 45–46). She contends that her references to her PTSD, knee injury, and hand impairment are sufficient, and that she should not be "require[d] to explain the nature of her alleged disability until discovery." *Id.* at 4–5. Sullivan also argues that the Court has subject matter jurisdiction, that she has alleged a threat of future injury, that the Court may exercise supplemental jurisdiction over her claims under state law, and that no federal rule bars her from naming Doe defendants whose true identities she does not know. *Id.* at 6–8. Sullivan responds to Storer's argument that she cannot recover damages under the ADA by asserting that damages are available for ADA violations under sections 51 and 52 of the California Civil Code (the "Unruh Act"). *Id.* at 7–8.

Storer's reply brief largely reiterates the arguments presented in its motion. *See generally* Reply (dkt. 19). Storer contends that even though PTSD is recognized as an impairment under ADA regulations, Sullivan must still allege that her impairments limit a major life activity, which she has not done for either her PTSD or her knee and hand impairments. *Id.* at 2. Storer argues again that Sullivan lacks standing because she "has not alleged facts showing Storer violated the ADA," and because, in Storer's view, Sullivan's injury was caused by "the actions of third-party [Graton] personnel who ultimately caused [her] to be removed from the bus," not by any violation of the ADA by Storer. *Id.* at 3–4. Storer also asserts that Sullivan does not dispute that her request for damages under the ADA should be stricken. *Id.* at 4. Storer's reply does not address the issue of Doe defendants. *See generally id.*

4

## III. ANALYSIS

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

#### 1. Legal Standard for Challenging Standing Under Rule 12(b)(1)

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a district court must dismiss an action if it lacks jurisdiction over the subject matter of the suit. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it is the plaintiff's burden to establish the existence of subject matter jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In evaluating a facial challenge to subject matter jurisdiction, the court accepts the factual allegations in the complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Where a defendant brings a factual challenge, on the other hand, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White*, 227 F.3d at 1242 (citation omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). Here, Storer has not presented extrinsic evidence to support its argument that the Court lacks jurisdiction, so its challenge is facial.

In order for an action to satisfy Article III's requirement of a "case or controversy," a plaintiff must establish standing by showing "(1) an injury in fact that (2) is fairly traceable to the challenged conduct and (3) has some likelihood of redressability." *Jewel v. Nat'l Sec. Agency*,

5

673 F.3d 902, 908 (9th Cir. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). At the pleading stage, "[g]eneral factual allegations of injury resulting from the defendant's conduct may suffice, as we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* at 907 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)) (second alteration in original). If a plaintiff lacks standing under Article III, federal courts lack jurisdiction to consider the plaintiff's claims. See *Defs. of Wildlife*, 504 U.S. at 559–61.

### 2. Sullivan Has Article III Standing

Storer cites no case finding a lack of subject matter jurisdiction on similar facts. Here, Sullivan has alleged injury in that she was not permitted to sit in a priority area of the bus reserved for disabled passengers. The injury is traceable to the challenged conduct—the insistence of the bus driver, a Storer employee, that she move. *Id.* Sullivan's allegation that she is a platinum cardholder who regularly visits the Graton casino establishes likelihood of recurrence, particularly in the absence of any evidence or argument that Sullivan would be allowed to use the priority seating area in the future. The injury is redressable by a favorable decision requiring Storer to allow Sullivan to sit in that area of the bus. Sullivan therefore meets the basic threshold of Article III standing.

Whether Sullivan has a disability sufficient to meet the *statutory* standing requirements of the ADA is a different question, addressed separately below. For the purposes of Article III, however, the issue is not whether Sullivan is *entitled* to a favorable decision, but whether *if* she received a favorable decision, it would redress her injury. Storer's motion to dismiss Sullivan's ADA claim for lack of subject matter jurisdiction is DENIED.

### B. Motion to Dismiss for Failure to State a Claim

### 1. Legal Standard Under Rule 12(b)(6)

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a claimant's burden at the pleading stage

is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the claimant must plead sufficient factual allegations to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### 2. Sullivan Has Not Sufficiently Alleged Disability

A plaintiff claiming disability discrimination in public accommodations under the ADA "must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (2007). While Sullivan of course need not *prove* those elements with evidence at the pleading stage, she must present "either direct or inferential allegations respecting all the material elements necessary to sustain recovery." *Twombly*, 550 U.S. at 562. The Supreme

Court has long since abandoned the "no set of facts" standard from *Conley* that Sullivan quotes in her opposition brief, *see* Opp'n at 3–4, and has described it as "best forgotten as an incomplete, negative gloss on an accepted pleading standard" and not an accurate statement of "the minimum standard of adequate pleading to govern a complaint's survival." *Twombly*, 550 U.S. at 563.

To be "disabled within the meaning of a the ADA," *see Molski*, 481 F.3d at 730, a plaintiff must have "a 'physical or mental impairment that substantially limits one or more major life activities,'" such as "'walking, standing, lifting . . . and working.'" *Valtierra v. Medtronic Inc.*, 934 F.3d 1089, 1091 (9th Cir. 2019) (quoting 42 U.S.C. § 12102) (ellipsis in original). Sullivan's assertion that she "is disabled" is the sort of "conclusory statement[]" held insufficient in *Iqbal*, 556 U.S. at 678, and she has not alleged any limitation of a major life activity as a result of her PTSD, her knee surgery, or her hand impairment. This is not an overly demanding standard—since amendments to the ADA in 2008, "'[t]he primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred,' rather than 'whether an individual's impairment substantially limits a major life activity.'" *Hoppman v. Liberty Mut. Ins. Co.*, 774 F. App'x 418, 419 (9th Cir. 2019) (quoting 29 C.F.R. § 1630.2(j)(1)(iii)). Even so, some allegation regarding the effects of Sullivan's impairments is necessary to determine whether she is disabled within the meaning of the statute, and also to determine whether the driver's refusal to allow her to sit in the section of the bus reserved for people with disabilities constituted denial of equal access to a public accommodation. It is not clear how Sullivan's PTSD, for example, would require access to a priority seating area, even if it meets the statutory definition of a disability.

Because Sullivan has not sufficiently alleged that "she is disabled within the meaning of the ADA," *see Molski*, 481 F.3d at 730, Storer's motion to dismiss for failure to state a claim is GRANTED, and Sullivan's complaint is DISMISSED with leave to amend.[4] Any amended complaint should clearly identify the disability or disabilities underlying Sullivan's ADA claim,

---

[4] To the extent that the ADA claim is subject to dismissal, the Court declines to exercise supplemental jurisdiction over Sullivan's state law claims. *See* 28 U.S.C. § 1367(c)(3). If Sullivan chooses to amend her ADA claim, however, she may of course include related state law claims in her amended complaint.

8

explain how they limit a major life activity, and clarify Sullivan's theory of how Storer failed to provide her equal access on account of those disabilities.

### C. Motion to Strike Under Rule 12(f)

A party may move the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, No. 13-cv-03679-LHK, 2014 WL 46553, at *3 (N.D. Cal. Jan. 6, 2014) (citing *Whittlestone*, 618 F.3d at 973).

Storer moves to strike Sullivan's references to Doe defendants and her request for damages under the ADA. Storer only addresses the issue of Doe defendants, which it asserts "are improper in federal court," in its notice of motion, with no argument to support that request in the memorandum of points and authorities accompanying the motion or in Storer's reply brief. *See* Mot. at 2. The use of "Doe" defendants where a defendant's true identity is unknown is common, and Storer cites no authority for the proposition that it is improper. Sullivan's boilerplate reference to Doe defendants here—with no allegation of any such defendant's role in her alleged injuries—is likely to have little practical effect on the case, and Storer has not explained how striking such defendants would "avoid [any] expenditure of time and money." *See Whittlestone*, 618 F.3d at 973.

While Storer is correct that compensatory damages are not available under the ADA itself, *see Molski*, 481 F.3d at 730, Sullivan is correct that the California Civil Code allows a plaintiff to recover damages for violations of the ADA. A violation of the ADA is a per se violation of both the Unruh Act, Cal. Civ. Code § 51(f), and the California Disabled Persons Act, Cal. Civ. Code

9

§ 54.1(d), both of which allow a plaintiff to recover damages for such a violation. Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam), and this Court discerns little if any value in striking a request for damages to which Sullivan would be entitled if she proves her claim merely because it fails to reference all of the statutes relevant to such recovery.

Storer's motion to strike is DENIED. In the interest of clarity, however, Sullivan's amended complaint should situate any requests for damages within claims under the statutes that directly allow for such recovery. *See Johnson*, 574 U.S. at 12 (holding that lower courts erred in dismissing constitutional claims for failure to cite 42 U.S.C. § 1983 in a complaint, but that the complaint should be amended on remand to include such a citation "[f]or clarification and to ward off further insistence on a punctiliously stated 'theory of the pleadings'").

## IV. CONCLUSION

For the reasons discussed above, Sullivan's complaint is DISMISSED with leave to amend for failure to state a claim on which relief may be granted. Storer's motion is otherwise DENIED. Sullivan may file an amended complaint no later than April 21, 2020.

**IT IS SO ORDERED.**

Dated: March 31, 2020

JOSEPH C. SPERO
Chief Magistrate Judge